DAVID McADAM *against* ERASTUS COOKE (IMPLEADED).

(Decided June 28th, 1875.)

The plaintiff having an open account against one A., took from him, in payment thereof, a note of a third party, on which the defendant was an accommodation indorser, and gave A. at the same time $50 for the balance: *Held,* that plaintiff was a holder for value of the note only to the extent of $50, and could not enforce it for a greater amount against the equities existing between the original parties thereto.

APPEAL by defendant from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court against the defendant for $249 76, entered on the report of a referee.

The action was brought on a note for $160, payable sixty days from date, made by Anna L. Baxter to the order of the defendant Erastus Cooke, and indorsed by him.

The defendant Cooke, by his answer, alleged " that on or about the thirteenth day of June, 1873, the defendant Anna L. Baxter made the note mentioned in the complaint, which was indorsed by this defendant without consideration, but solely for the accommodation of the defendant Anna L. Baxter, and for the purpose of being discounted and obtaining the money thereon, to be used to pay her rent for the month of July, 1873, on a certain house to be let to her by one Samuel Emberson, and to be used in no other way and for no other purpose whatever.

" That said Baxter did not procure the said note to be discounted, but afterwards, and on or about the first day of July, 1873, having the note in her possession for the purpose aforesaid, and having paid to said Emberson fifty dollars on the rent of said month of July, 1873, payable in advance, promised said Emberson to pay him the balance of said month's rent, being one hundred dollars; and as collateral thereto, without the knowledge or consent of this defendant, delivered and pledged the said note to said Emberson, who thereupon became the

pledgee of said note as collateral security for the payment of said balance of rent for the month of July. That afterwards and during the month of July, 1873, the said Anna L. Baxter paid to the said Samuel Emberson the said sum of one hundred dollars, being the full amount due from her on account of the said rent, which was received by said Emberson in full satisfaction of said rent, whereupon his interest in said note ceased; but although requested, he refused to deliver up the same to said Baxter."

On the trial the defendant Cooke gave evidence sustaining this defense, which was not contradicted by the plaintiff. (The evidence is narrated in the opinion of Chief Justice Daly, below).

The plaintiff, however, in avoidance of this defense, showed that Emberson delivered the note to him before maturity, and that he had no knowledge of the facts set up as a defense. He also claimed that he was a holder for value, and proved that Emberson had transferred the note to him in payment of $100 due him for services as an attorney and counsel, theretofore rendered by him to Emberson, and $50 in cash.

*Nelson, Cooke & Thorn*, for appellant.

*David McAdam*, respondent in person.

DALY, Chief Justice.—It has been held by the Court of Appeals, in *Weaver* v. *Barton* (49 N. Y. 286), and *Turner* v. *Tredway* (53 Id. 650), that the mere fact of receiving a note before its maturity, in payment of an antecedent debt, will not make the party who receives it a *bona fide* holder of a negotiable instrument before maturity for value; and that, in his hands, the note is subject to any legal or equitable defense on the part of the maker or indorser.

Under these decisions, the plaintiff was a holder for value only to the extent of $50, which he paid upon receiving the note; beyond that, nothing more appears than that he received it before maturity in payment for an antecedent debt.

There was a good defense to the note. Cooke swore that he indorsed Miss Baxter's note for the purpose of enabling her

to get money for the payment of the first month's rent in advance, or to give it as security for that month's rent; that he did so because her father told him that she could have the house by paying $150 in advance, and that the trouble was to raise the money to pay that first month's rent; that he, Cooke, therefore indorsed the note for her accommodation, without any consideration, and delivered it to her with the express understanding that it was for the first month's rent; that it was either to be pledged for that month's rent, or if discounted, the money was to be appropriated for that purpose, and no other; and that the surplus, over and above what was necessary to pay that month's rent, she was to have, to assist her in moving from New York to Tarrytown. Miss Baxter corroborated this statement. She swore that it was given to Emberson as collateral security for the first month's rent, to be held by him until that rent was paid, and then returned to her; that she paid $50 on account of that month's rent when the note was delivered to him, and that the whole of the first month's rent was paid before the month was out, when she sent for the note and Emberson refused to deliver it.

There was nothing in the writing signed by Miss Baxter on the making of the lease to her, inconsistent with this statement. For all that appears in it, the $50 there referred to as paid " on account of said rent," may have referred to the first month's rent, and the placing of the note as security may have been, for all that appears to the contrary in the writing, as security for the first month's rent. Upon this evidence, Emberson took the note as collateral security for the payment of that month's rent, and the rent having been paid before the month was out, he should have returned the note to Miss Baxter, and had no right to transfer it to the plaintiff McAdam. As McAdam took it before maturity, without any knowledge of these circumstances, and gave value upon it to the amount of $50, he was entitled to recover to that amount.

The judgment must therefore be reversed, and a new trial ordered, unless he consents that the verdict be reduced to $50, and affirmed for that amount.

ROBINSON, J.—Plaintiff claims as *bona fide* holder of the note in suit, as purchaser for value before maturity from one Emberson, to whom it was originally made. As a *bona fide* advancer of $50 thereon, he undoubtedly is such. As to the excess, he merely accepted it in payment of an antecedent debt, and to that extent it is defensible for or by reason of any legal offset, or other legal or equitable defense that existed when in Emberson's hands.

Emberson took the note from Anna L. Baxter, with defendant's accommodation indorsement, upon the consideration expressed in the lease he executed to her, and for the purposes therein stated, to wit, as security for the entire five months' rent to accrue thereon. Were the controversy between him and her, the stipulations in the written lease would control and debar any parol testimony of any different intent from that so expressed. But the note had no validity in her hands. It was indorsed by defendant with a view to its being delivered to Emberson as collateral security for some of the obligations of Miss Baxter to him. It was well understood that as between the defendant and Emberson, they were primary contracting parties as creditor and surety, and the latter was bound to diligence and inquiry in ascertaining the extent to which the defendant, as a general accommodation indorser on the note of the principal debtor, and on an obligation of so indefinite a character, had agreed to be bound in the use of the note by the maker. The lack of any precision or definiteness as to the terms upon which indorsement was made by a person known to be a mere surety calls for diligence upon the part of the person accepting such security from the maker, as to the precise terms upon which such indorsement was made for his benefit. As he becomes the primary creditor or party with whom any valid contract was made, he cannot assert his position as a *bona fide* creditor for value founded upon any other agreement with the principal debtor.

Being a party to the original suretyship, he was limited to the precise terms upon which it was made and delivered by the defendant. His failure to communicate with the defendant, and to agree with him as to the terms upon which the accom-

modation indorsement was made, formed no basis for the claim that he became subsequently, through confidence in the principal debtor, the *bona fide* holder of the obligation upon different and enlarged terms. In the present case the minds of the creditor and accommodation indorser never met upon any such enlarged agreement that the note should stand as security for the whole five months' rent; and the obligations of the defendant as such surety (except as to the $50 advanced on the note before maturity) cannot be enlarged or extended so as to give any right of recovery by Emberson or plaintiff as his assignee, upon any principle converting the rights of the former into that of a *bona fide* holder of the note for value before maturity. While concurring in other views expressed by my associate, I have to add these as grounds for my decision in a like result to that arrived at by them.

LARREMORE, J., concurred in the opinion of DALY, Ch. J.